# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**CHESTER MOORE,**

    Plaintiff,

v.                                               **CIVIL ACTION NO: 3:13-CV-36**
                                                       **(JUDGE GROH)**

**DISH NETWORK L.L.C.,**

    Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD PARTY DEFENDANT, THE CBE GROUP, INC.

Currently pending before the Court is the Plaintiff's Renewed Motion for Leave to Amend Complaint to Add Party Defendant, the CBE Group, Inc. [Doc. 66], filed on April 10, 2014. Having considered this motion and the parties' arguments, the Court **GRANTS** the motion.

## I. BACKGROUND

Chester Moore alleges that DISH Network L.L.C. violated the Telephone Consumer Protection Act ("TCPA") by calling his cellular telephone at (__) __-2882 ("2882 number") using an autodialer, an artificial voice, or a prerecorded voice multiple times from January 2012 through August 2012. He claims that he has never been a DISH customer, but that DISH made these calls regarding a past due account.

On March 22, 2013, Moore filed a complaint against DISH, asserting in one claim that each call violated the TCPA. On March 4, 2014, Moore moved to amend his complaint to add The CBE Group, Inc. as a defendant. The Court denied the motion because it did

not include a proposed amended complaint as required by Local Rule of Civil Procedure 15.01.  On April 10, 2014, Moore filed a Renewed Motion for Leave to Amend Complaint to Add Party Defendant, The CBE Group, Inc.  This motion now includes a proposed amended complaint.  DISH opposes the motion so far as it refers to vicarious liability.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), "[a] party may amend its pleading once as a matter of course . . . if the pleading is one to which a responsive pleading is required, [within] 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Because the time limit provided in Rule 15(a)(1)(B) has elapsed and the Defendants have not consented to the amendment, Moore may amend his complaint only with the Court's permission.

"[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."  Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir.1986).  Delay alone is an insufficient reason to deny leave to amend.  See id.  Rather, prejudice, bad faith, or futility must accompany the delay.  See Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999).

As for the prejudice inquiry, the Fourth Circuit has stated that:

Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing. A common example of a prejudicial amendment is one that "raises a new legal theory that would require the

2

gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial." An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred.

Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006) (citations omitted).

Leave to amend should be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face. See Johnson, 785 F.2d at 510; Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir.), cert. dismissed, 448 U.S. 911 (1980). A proposed amendment is futile "if . . . [it] fails to satisfy the requirements of the federal rules." United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008) (quoting United States ex rel. Fowler v. Caremark RX, LLC, 496 F.3d 730, 740 (7th Cir. 2007)); see also United States v. Pittman, 209 F.3d 314, 318 (4th Cir. 2000) (affirming district court's holding that plaintiff's amendment was futile as the statute of limitations barred it and it did not relate back). For example, "[a]n amendment is futile if the proposed claim would not withstand a motion to dismiss." Woods v. Bennett, Civil Action No. 2:12-03592, 2013 WL 4779018, at *3 (S.D.W. Va. Sept. 5, 2013) (citing Perkins v. United States, 55 F.3d 910, 917 (4th Cir.1995)).

### III. ANALYSIS

Moore avers that amendment is needed because he has learned that The CBE Group is a third-party collection agent that called the 2882 number concerning the past due DISH account. As such, he seeks to amend his complaint to add The CBE Group as a defendant and to allege that DISH is vicariously liable for calls that The CBE Group made to the 2882 number on DISH's behalf.

Moore first learned of The CBE Group's potential involvement in the calls

3

underlying this case on approximately September 18, 2013 through written discovery. In that discovery, DISH stated that The CBE Group may know of the calls at issue in this case. On December 10, 2013, Moore issued a subpoena to The CBE Group, seeking records of any calls that it made to the 2882 number. The CBE Group responded with the requested records on February 6, 2014. The records documented at least twelve additional phone calls that The CBE Group made to the 2882 number on DISH's behalf. The day before Moore received these documents, DISH's corporate representatives testified at a deposition that DISH sent the account underlying the calls at issue to The CBE Group for collections.

> The TCPA prohibits calls to cell phones in the following circumstances:
>
> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–
>
>> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–
>>
>> . . .
>>
>> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . . .

47 U.S.C. § 227(b)(1)(A)(iii). "A person or entity" can bring a claim to recover the greater of actual damages or $500 for a violation of § 227(b)(1)(A)(iii). Id. § 227(b)(3). A court may award treble damages for a willful or knowing violation. Id.

In this case, first, the Court finds no bad faith. The fact that Moore sought to amend his complaint before the amended pleadings deadline of April 29, 2014 indicates

4

good faith. Moore also has shown a valid justification for the amendment–to add a party that may have made some of the calls at issue and to account for DISH's potential liability for any such calls. Thus, there is no indication that Moore has acted in bad faith.

Next, the amendment is not futile. The TCPA recognizes the claim that Moore seeks to raise against The CBE Group. See 47 U.S.C. § 227(b)(1)(A)(iii), (b)(3). Courts also have recognized that an organization that uses a third party to make phone calls on its behalf (as Moore alleges DISH did through The CBE Group) can be vicariously liable for violations of § 227(b)(1)(A)(iii). See Mey v. Pinnacle Sec., LLC, Civil Action No. 5:11CV47, 2012 WL 4009718, at *4-5 (N.D.W. Va. Sept. 12, 2012) (holding vicarious liability rules apply to § 227(b)(1)(A)(iii) violations); Thomas v. Taco Bell Corp., 879 F. Supp. 2d 1079, 1084 (C.D. Cal. 2012) (same). Accordingly, because the claims that Moore proposes to add are cognizable, futility is not a basis for denying leave to amend.

Finally, allowing the amendment will not prejudice DISH or The CBE Group. The proposed amended complaint does contain a new theory of recovery against DISH–that it is vicariously liable for calls made by The CBE Group. Even so, DISH has been in a position to know of its potential liability for any such calls throughout this case as it referred the account that led to the calls at issue to The CBE Group. Indeed, the allegations that the calls occurred and that a DISH account led to the calls have not changed; the CBE Group's alleged involvement only further illuminates how the calls occurred. The amendment therefore will not prejudice DISH because DISH has known of the alleged calls and the process that it used to attempt to collect on the account underlying any such calls. Additionally, although the proposed amended complaint now names The CBE Group as a defendant, allowing the amendment will not prejudice it as

5

Moore sought to name it early in this matter and it likely has been aware of this case at least since receiving Moore's subpoena in December 2013. Accordingly, neither bad faith, futility, nor prejudice is a basis for denying Moore leave to amend his complaint.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Plaintiff's Renewed Motion for Leave to Amend Complaint to Add Party Defendant, the CBE Group, Inc.

The Court **DIRECTS** the Clerk to file the Amended Complaint and its accompanying exhibits attached to the Renewed Motion for Leave to Amend Complaint as attachments 1 through 4.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

It is so **ORDERED**.

**DATED:** May 28, 2014.

GINA M. GROH
UNITED STATES DISTRICT JUDGE