IN THE UNITED STATES DISTRICT COURT
IN THE NORTHERN DISTRICT OF WEST VIRGINIA
(MARTINSBURG DIVISION)

CHESTER MOORE,

  Plaintiff,

-vs-

CASE NO.: 3:13cv36

DISH NETWORK, LLC.

  Defendant.

_____/

## AMENDED COMPLAINT

Plaintiff, CHESTER MOORE, by and through his undersigned counsel, sues the Defendants, DISH NETWORK, LLC, ('DISH") and THE CBE GROUP, INC. ("CBE"), in support thereof respectfully alleges the following:

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney's fees and cost.

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 47 U.S.C. §227(b)(3), 47 U.S.C. §227(c)(5).

4. Venue is proper in this District because the Plaintiff resides here and the Defendants transact business in Jefferson County, West Virginia.

## FACTUAL ALLEGATIONS

5. Plaintiff is a natural person, and citizen of the State of West Virginia, residing in Jefferson County, West Virginia.

EXHIBIT 1

6. Defendant, DISH, is a corporation and a citizen of the State of Colorado with its principal place of business at P.O. Box 6655 Englewood, CO 80155.

7. Defendant, CBE, is a corporation and a citizen of Iowa with its principal place of business at 1309 Technology Parkway, Cedar Falls, Iowa.

8. The conduct of Defendants which give rise to the cause of action herein alleged occurred in Jefferson County, West Virginia.

9. Defendants, at all times material, were attempting to collect on a Dish Network account and/or were making calls on a Dish Network account belonging to an individual known as "Amador Barajas," of which Plaintiff has no knowledge; Plaintiff has never had a Dish Network account nor done business with Dish Network, LLC.

10. Defendants knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number several times a week, from January, 2012 through August, 2012, with such frequency as can reasonably be expected to harass, all in an effort related to the subject Dish Network account.

11. Each call the Defendants made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer), or a system using an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C §227(a)(1) (hereinafter "autodialer calls").

12. Each of the autodialer calls the Defendants made to the Plaintiff's cellular telephone number was done so without the "prior expressed consent" of the Plaintiff.

13. In approximately January, 2012, Plaintiff began receiving autodialer calls from Defendant, DISH, on his cellular telephone number, (304) 995-2882, concerning a debt and/or account which Plaintiff had no knowledge of. Plaintiff is the subscriber, regular user and carrier

of the cellular telephone number, (304) 995-2882, and was the called party and recipient of Defendant, DISH's, autodialer calls.

14. The autodialer calls from Defendant, DISH, came from telephone numbers which included, but are not limited to: 888-846-8290 and/or 866-668-8047.

15. After receiving several of these autodialer calls every week in January, 2012 from Defendant, DISH, in or about February, 2012, Plaintiff returned the call and spoke with Defendant's representative "Maria," ID number Y12, and informed her that he was not a Dish customer, nor was he ever a Dish customer, he did not owe them any money and that they were calling the wrong number. Plaintiff requested the calls from Defendant, DISH, stop and to be taken off the Defendant, DISH's call list. Maria assured Plaintiff that his number would be placed on the Do Not Call List.

16. Despite informing Defendant, DISH, that he was not the person Defendant was attempting to contact, to stop calling, that he was not a Dish Network customer and did not owe the subject debt, the Defendant's ATDS calls to Plaintiff's cellular phone continued. Plaintiff in or about March of 2012, called Defendant again and spoke with a Dish supervisor, "Ferdie," ID number 89K, in an attempt to get Defendant's autodialer calls to stop. Ferdie also told the Plaintiff that the calls would stop.

17. The autodialer calls from Defendant, DISH continued approximately, on average, three (3) to seven (7) times a week from January, 2012, until approximately August, 2012. Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of autodialer calls made to Plaintiff over the relevant time period. Upon information and belief, and at a minimum, Defendant, DISH, made approximately thirty-one (31) autodialer calls to Plaintiff's cellular telephone number, without Plaintiff's prior express consent. Attached hereto as **Exhibit "B"** is a true and correct copy of

some or all of the Defendant, DISH's, autodialer calls to Plaintiff's cellular telephone number frequency for the period of January 8, 2012 through July 23, 2012, showing approximately a minimum of thirty-one (31) autodialer calls.

18. At all times material hereto, Defendant, DISH, acknowledged, consented to, directed and/or controlled the collection activities of their agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors, and also including but not limited to Defendant, CBE, related to their efforts to make telephone calls and to collect an alleged consumer debt on the Account of "Amador Barajas."

19. At all times material hereto, Defendant, DISH, also provided to its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors, and including but not limited to Defendant, CBE, the data, information and telephone number to be called on its accounts, including but not limited to giving the incorrect cellular telephone number to them to make calls on its behalf, just like it did by giving them Plaintiff's cellular telephone number as a number to be called for the Account of "Amador Barajas." Defendant, CBE, did accept this undertaking from its principle, Defendant, DISH, and did place autodialer calls on behalf of DISH to Plaintiff's cellular telephone number.

20. In addition to its own calls to Plaintiff's cellular telephone number that Defendant, DISH, made, Defendant, DISH, also in attempting to collect the consumer debt from Plaintiff, intentionally and willfully harassed and abused Plaintiff, directly or indirectly, by authorizing and directing, as principal, its agent the Defendant, CBE, to attempt to collect on a debt by calling the Plaintiff on his cellular telephone number (304) 995-2882 using an autodialer over 12 times in July, 2012.

4

21. The autodialer calls from Defendant, CBE, came from telephone numbers which included, but are not limited to: 888-846-8290. When Plaintiff returned the phone calls from this telephone number the call was answered with a recorded message stating… *"Thank you for choosing Dish."* Accordingly, evidencing the actual and/or apparent authority of the Defendant, CBE, to act on behalf of its principle, the Defendant, DISH.

22. While Plaintiff did not keep detailed records of all the autodialer calls made by Defendant, CBE, to Plaintiff's cellular telephone number, attached hereto as **Exhibit "B"** is a true and correct copy of a snapshot of the Defendants' autodialer call frequency for the period of July 12, 2012 through July 27, 2012, showing approximately twelve (12) autodialer calls over that period of time alone.

23. Attached as **Exhibit "C"** is a true and correct copy of the transcript of the artificial or prerecorded voice message used and left by one or both of the Defendants during its autodialer calls to Plaintiff's cellular telephone.

24. During the time period of February, 2012 through August, 2012, Plaintiff returned both Defendants' autodialer calls approximately thirty-three (33) times in an effort to stop the harassing calls, all to no avail, as the autodialer calls continued.

25. The Defendants have corporate policies to use an automatic telephone dialing system (including but not limited to a predictive dialer) or a system using a pre-recorded or artificial voice, and to make autodialer calls just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or the Defendants, to remove the incorrect number.

26. Despite actual knowledge of their wrongdoing, the Defendant, DISH, continued the campaign of abuse, well-beyond February, 2012, when Plaintiff first advised Defendant that they were calling the wrong number, that he did not owe the subject debt, and to stop calling Plaintiff.

27. Defendants' corporate policies are structured as to continue to call individuals like the Plaintiff, despite these individual, like Plaintiff, explaining to the Defendants that they are the wrong party, that they did not owe the debt in question, and advising Defendants to stop calling.

28. Defendants' corporate policy provided no means for the Plaintiff to have his number removed from their call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff.

29. Defendants knowingly employed methods and/or have corporate policies designed to harass and abuse individuals and have set up their autodialer call systems in a manner which makes it virtually impossible for the autodialer calls to stop.

30. Defendants knowingly employed methods that did not permit the cessation of or suppression of calls to the Plaintiff's cellular telephone.

31. Plaintiff did not expressly consent to Defendants' placement of autodialer calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or the use of an artificial or prerecorded voice prior to Defendants' placement of the calls.

32. Due to Defendants' constant autodialer calls and demands for payment and/or demands for location information for individuals other than Plaintiff, Plaintiff has suffered statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

## COUNT I
### (Violation of the TCPA against DISH NETWORK, LLC)

33. Plaintiff re-alleges and incorporates Paragraphs one (1) through thirty-two (32) above as if fully stated herein.

34. None of Defendant's autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

35. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff, especially for each autodialer call made to Plaintiff's cellular telephone after Plaintiff notified Defendant in February, 2012, that Defendant was calling the wrong number, that he did not owe the subject debt, and to stop calling Plaintiff.

36. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system (including but not limited to a predictive dialer) or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

37. Defendant, DISH, is also vicariously liable for the act of its authorized agents, including but not limited to Defendant, CBE, for the calls made by the Defendant, CBE, to the Plaintiff's cellular telephone number using an automatic telephone dialing system (including but not limited to a predictive dialer) or a system using a prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, DISH, for statutory damages, actual damages, treble damages, punitive damages, costs, interest, and any other such relief the court may deem just and proper.

### COUNT II
### (Violation of the TCPA against THE CBE GROUP, INC.)

38. Plaintiff re-alleges and incorporates Paragraphs one (1) through thirty-two (32) above as if fully stated herein.

39. None of Defendant's autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

40. Defendant violated the TCPA with respect to the Plaintiff, especially for each autodialer call made to Plaintiff's cellular telephone number as reflected on **Exhibit "B"**, and willfully

and/or knowing violated the TCPA after Plaintiff first notified Defendant that Defendant was calling the wrong number, that he did not owe the subject debt, and to stop calling Plaintiff.

41.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system (including but not limited to a predictive dialer) or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, CBE, for statutory damages, actual damages, treble damages, costs, interest, and any other such relief the court may deem just and proper.

Dated this _____ day of March, 2014.

Respectfully submitted,

/s/ *Harry F. Bell, Jr.*
Harry F. Bell, Jr., Esquire
The Bell Law Firm, PLLC
P.O. Box 1732
30 Capital Street
Charleston, WV 25326
Tele: (304) 345-1700
Fax: (304) 345-1715
West Virginia Bar #: 297
hfbell@belllaw.com
Attorney for Plaintiff

/s/ *Michael J. Vitoria*
Michael J. Vitoria, Esquire
Florida Bar # 0135534
William Peerce Howard, Esquire
Florida Bar # 0103330
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
MVitoria@forthepeople.com

_____
WHoward@forthepeople.com
Attorney for Plaintiff

WHoward@forthepeople.com
Attorney for Plaintiff

Case 3:13-cv-00036-GMG-RWT   Document 80   Filed 05/28/14   Page 10 of 10   PageID #: 865